IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BRIAN HOLM,<br><br>Plaintiff,<br><br>vs.<br><br>CRYSTAL BEAVER, P.R. FOR THE ESTATE OF BRIAN BEAVER, HER HEIRS, EXECUTORS, SUCCESSORS, AND ASSIGNS,<br><br>Defendants. | CV 18-00081-H-DLC-JTJ<br><br>ORDER |

Plaintiff Brian Holm, a state prisoner proceeding without counsel, has filed a Motion to Proceed in Forma Pauperis and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Docs. 1, 6.) The request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Holm must pay the statutory $350.00 filing fee. Mr. Holm submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial

1

partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Mr. Holm will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Holm must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Mr. Holm is held to forward payments from Mr. Holm's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Pursuant to the federal statutes governing proceedings in forma pauperis and cases filed by prisoners, federal courts must engage in a preliminary screening of a case to assess the merits of the claims. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a). Accordingly, the Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. The Court will not issue a gag order as requested by Mr. Holm until after this screening process is completed. Mr. Holm must await the Court's preliminary screening Order prior to taking further action in this matter.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Holm's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2). The Complaint is deemed filed July 30, 2018.

3. Mr. Holm's Motion for Issuance of Gag Order (Doc. 3) is DENIED WITHOUT PREJUDICE.

4. At all times during the pendency of this action, Mr. Holm MUST IMMEDIATELY ADVISE the Court of any change of address. A failure to do so may result in the dismissal of the action for failure to prosecute.

DATED this 3rd day of October, 2018.

                                           */s/ John Johnston*
                                           John Johnston
                                           United States Magistrate Judge