

**FILED**

OCT 25 2019

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BRIAN HOLM, | CV 18–81–H–DLC–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| CRYSTAL BEAVER, P.R. FOR THE ESTATE OF BRIAN BEAVER, HER HEIRS, EXECUTORS, SUCCESSORS, AND ASSIGNS, | |
| Defendants. | |

Before the Court is the October 4, 2019 Findings and Recommendations of United States Magistrate Judge John Johnston. (Doc. 17.) Judge Johnston recommends that the Court dismiss the above-captioned matter without prejudice for failure to serve pursuant to Federal Rule of Civil Procedure 4. (*Id.*) Plaintiff Holm timely objected, and he is therefore entitled to de novo review. 28 U.S.C. § 636(b)(1)(C).

## BACKGROUND

Holm, a state prisoner without counsel (*see* Doc. 9), seeks damages for the Defendants' alleged breach of the confidentiality clause in a settlement agreement

-1-

(Doc. 2 at 2). On July 30, 2018, Holm filed his Complaint (Doc. 2) and a motion to proceed in forma pauperis, which the Court granted on October 3, 2018. (Doc. 7 at 3.) In order to carry out the Court's duty under 28 U.S.C. § 1915(d) to issue and serve all process, it issued an Order on April 2, 2019 for Holm to provide a current address for the Defendants. (Doc. 10 at 2.)

Holm timely responded to the Court's Order on April 26, 2019 with an Arizona address for the "Attorney Rep. for [Defendant] Beaver." (Doc. 11.) The Court ordered the Clerk of Court to forward process, along with a request to waive service of summons, to the Arizona address Holm provided. (Doc. 12.) The Clerk mailed the documents as ordered, but on August 6, 2019, they returned as undeliverable. (Doc. 13.) Accordingly, Judge Johnston recommended that the Court dismiss Holm's action without prejudice for failing to fulfill his "obligation to provide accurate and sufficient information to effect service." (Doc. 14.)

However, in his objection to Judge Johnston's findings and recommendation, Holm explained that a third party personally served the Defendants. (Doc. 15 at 2.) Therefore, Judge Johnston withdrew his recommendation for dismissal and ordered Holm to either "file proof of service on or before September 13, 2019 or alternatively request the Court to send a request for waiver of service of summons to Ms. Beaver at the New Mexico address he

provided in his August 26, 2019 Objections." (Doc. 16.)

Holm never responded to the Court's Order, and on October 4, 2019, Judge Johnston issued the Findings and Recommendations now before the Court. (Doc. 17.) As previously noted, Judge Johnston recommends that the Court dismiss Holm's action for failure to serve pursuant to FED. R. CIV. P. 4. (Doc. 17 at 2.) Holm timely objected on October 11, 2019. (Doc. 18.) There, he stated that the Court "suggested that [he] was served with a 'Request for waiver of service,'" which he never received. (*Id.*) He requested that the Court "forward such a request to the address suggested in the most recent communication from this Court" – that is, to Ms. Beaver in New Mexico. (*Id.*)

## DISCUSSION

When a court authorizes a prisoner to proceed in an action in forma pauperis pursuant to 28 U.S.C. § 1915, the court must "issue and serve all process, and perform all duties." 28 U.S.C. § 1915(d). Therefore, "having provided the necessary information to help effectuate service of the summons and complaint," an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal, or by another person specially appointed by the court, for service of process. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990); FED. R. CIV. P. 4(c)(3).

Still, proceeding pro se is not "a license not to comply with relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). A pro se plaintiff proceeding in forma pauperis remains subject to the consequences of Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time.

Be that as it may, Rule 4(m) allows additional time if there is good cause for plaintiff's failure to effect service in the prescribed 90 days. *Id.*

The Rule also "authorizes the court to relieve a plaintiff of the consequences of an application of [Subdivision (m)] even if there is no good cause shown." FED. R. CIV. P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m). "The Federal Rules thus convey a clear message: Complaints are not to be dismissed if served within [90] days *or within such additional time as the court may allow.*" *Henderson v. United States*, 517 U.S. 654, 663 (1996) (emphasis added). Accordingly:

> [T]he overwhelming majority of federal courts and dicta from the Supreme Court embrace the view that a district court has discretion under Rule 4(m) to dismiss a complaint or to allow the plaintiff to cure a defect in service of process even in the absence of good cause.

4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

PROCEDURE § 1137 (4th ed.). Indeed, the Ninth Circuit has noted that "[t]he 1993 amendments to General Rule 4(m) gave courts greater leeway to preserve meritorious lawsuits despite untimely service of process." *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004). And, "because service of process today has become more flexible than it once was," a district court may retroactively extend time for service. *Id.* (citations omitted).

The district court's discretion under Rule 4(m) is not without bounds. To decide whether to grant an extension, "a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual notice." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (citation and internal quotation marks omitted). A district court abuses its discretion if it merely cites Rule 4(m) without indication that it considered those factors in reaching its decision to grant an extension. *Id.*

In *Efaw*, the district court abused its discretion when it granted a Rule 4(m) extension without weighing, in particular, the factors of delay and prejudice. There, the plaintiff failed to serve the defendant for seven years after he filed his complaint—a delay the Ninth Circuit characterized as "extraordinary" and for which the plaintiff offered no explanation. *Id.* The Court noted that the *Efaw* plaintiff was represented by counsel for the majority of the seven-year period; and,

during the period he proceeded pro se, he "never claimed ignorance of the service requirements." *Id.* Additionally, in the intervening seven years, a key defense witness died, and the defendant, without any reason to know a suit had been initiated against her, never deposed him. *Id.* at 1040–41. Once the plaintiff finally effected service, "memories of all witnesses [had] faded," and "the only other eyewitness to the incident [] died." *Id.* Therefore, "under these circumstances, the district court abused its discretion in denying [the defendant's] motion for dismissal based on [the plaintiff's] failure to comply with Rule 4's service requirements." *Id.*

Here, the facts surrounding Holm's delay persuades the Court to grant him additional time to effect service on Defendants. Compared to the "extraordinary" delay in *Efaw*, Holm's delay is slight. The Court ordered that he either request it to serve process on the Defendants at the New Mexico address or provide proof of personal service by September 13, 2019. (Doc.16.) To extend the September 13, 2019 deadline would result in a delay of about three months, which does not engender the same dangers as the extraordinary, seven-year delay did in *Efaw*. Additionally, unlike the *Efaw* plaintiff, Holm offers an explanation for his failure thus far to supply the Court with the necessary information to help effectuate service of process. That is, he provided the Court with the last known address of

-6-

the attorney who represented the Defendants in the underlying settlement agreement. (Doc. 15 at 1–2.) And, once alerted to the insufficiency of the Arizona address, Holm provided the Court with an alternative. (*Id.*)

Furthermore, an extension in this case would be unlikely to cause the Defendants prejudice. Slightly more than year has passed since the Court granted Holm's petition to proceed in forma pauperis (Doc. 7 at 3), and his Complaint is based on events arising on or about July 21, 2018 (Doc. 2 at 2). Therefore, the memories of witnesses likely remain fresh, and it is improbable that a three-month delay in service will otherwise hamper the development of the Defendants' case. Whether Holm's assertion that Defendants have actual notice of the lawsuit is accurate (*see* Doc. 15 at 2), their eventual notice through an extension for service will not be extraordinarily delayed.

Finally, the Court notes that, unlike the *Efaw* plaintiff, Holm has proceeded pro se through the entirety of this matter, and his objection to Judge Johnston's findings and recommendations indicates his confusion of service requirements. As discussed above, the Court ordered Holm to "either file proof of service on or before September 13, 2019 or alternatively request the Court to send a request for waiver of service of summons to Ms. Beaver at the New Mexico address." (Doc. 16.) In his objection to Judge Johnston's recommendation to dismiss for his Rule

4 failure, Holm incorrectly summarizes Judge Johnston's findings as the following: "The Court has suggested that plaintiff was served with a 'Request for waiver for service.'" (Doc. 18 at 1.) Holm accurately states that "obviously plaintiff never received this form or any information pertaining to such a form." (*Id.*) He then asks that the Court forward such a request to the New Mexico address he provided after the original service failure. (*Id.*)

While Holm does not claim ignorance of the requirements of service, his summary of the events leading to Judge Johnston's recommendation implies it. Apart from his failure to respond to the September 13, 2019 deadline, Holm has responded timely to all Court orders. (*see* Docs. 11, 15, 18.) His failure to respond to the September 13, 2019 deadline appears to stem from both a misreading of the Court's Order and a general ignorance of the requirements of service. Either way, when Holm's pro se status and confusion of service requirements is added to the lack of prejudice and delay caused by an extension, the Court is inclined use the leeway authorized under Rule 4(m) to preserve Holm's suit despite untimely service of process.

Accordingly, following de novo review of the record, IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 17) are REJECTED.

(2) This matter REMAINS REFERRED to Judge Johnston, who shall issue and serve all process, and perform all duties pursuant 28 U.S.C. § 1915(d). To that end, Judge Johnston shall direct the Clerk of Court to forward all required documents to the following address:

**Crystal Beaver**
**6007 Mancos Lane**
**Farmington, New Mexico 87402**

(3) If the documents are again returned to the Court as undeliverable, this matter shall be DISMISSED WITHOUT PREJUDICE for failure to serve.

DATED this 25th day of October, 2019.

*[signature]*
Dana L. Christensen, Chief Judge
United States District Court